TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 92-310 |
| of | : | |
| | : | JUNE 23, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE NOLAN FRIZZELLE, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May voters in the South Coast Air Quality Management District by an initiative measure change the district's board of directors from an appointive board to an elective board?

CONCLUSION

The voters in the South Coast Air Quality Management District may not by an initiative measure change the district's board of directors from an appointive board to an elective board.

ANALYSIS

"The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them." (Cal. Const., Art. II, § 8, subd. (a).)  "The referendum is the power of the electors to approve or reject statutes or parts of statutes . . . ." (Cal. Const., Art. II, § 9, subd. (a).)

Since 1911 the powers of initiative and referendum have been reserved to the people of the state by the Constitution. (Cal. Const., Art. II, §§ 8, 9.)  Similarly, since 1911 the powers of initiative and referendum have been reserved to the electors of cities and counties under procedures adopted by the Legislature.  (Cal. Const., Art. II, § 11.)

As to special districts, however, the powers of initiative and referendum are of purely statutory origin and authorization.  In 1957 the Legislature first provided for the exercise of the initiative power in districts (Stats. 1957, ch. 2146) and in 1961 provided for the exercise of the referendum power by district voters.  (Stats. 1961, ch. 1586.)

1. 92-310

In this request for our opinion, the focus is upon the procedures applicable to the exercise of the initiative power by voters in special districts. (See Elec. Code, § 5150 et seq.) We are asked whether the voters in the South Coast Air Quality Management District ("District"), which is established pursuant to sections 40400-40540 of the Health and Safety Code,[1] may by an initiative measure change the District's board of directors from an appointive board to an elective board. We conclude that they may not do so.

As noted, the District is established pursuant to state law, the "Lewis-Presley Air Quality Management Act" (hereafter "Act"). (§ 40400.) This statutory scheme provides for a board of directors comprised of 12 appointed members, with each member having a four-year term of office. (§ 40422.) Subdivision (a) of section 40420 states:

"The south coast district shall be governed by a district board consisting of 12 members appointed as follows:

"(1) One member appointed by the Governor, with the advice and consent of the Senate.

"(2) One member appointed by the Senate Committee on Rules.

"(3) One member appointed by the Speaker of the Assembly.

"(4) Four members appointed by the boards of supervisors of the counties in the south coast district. . . .

"(5) Three members appointed by cities in the south coast district. . . .

"(6) A member appointed by the cities of the western region of Los Angeles County . . . .

"(7) A member appointed by the cities of the eastern region of Los Angeles County . . . ."

May the District's voters change the language of section 40420 through the initiative process? The answer is "no."

Elections Code section 5150, which authorizes the exercise of the initiative power in special districts, states:

"In addition to any other method provided by law, ordinances may be enacted by any district pursuant to this article, except that the provisions of this article shall not apply to irrigation districts, to a district formed under a law which does not provide a procedure for elections, to a district formed under a law which does not provide for action by ordinance, to a district governed by an election procedure which permits voters, in electing the district's directors or trustees, to cast more than one vote per voter, or to a district in which the directors are empowered to cast more than one vote per director when acting on any matter."

---

[1] All section references hereafter are to the Health and Safety Code unless otherwise specified.

An examination of the Act discloses that it "does not provide a procedure for elections."  Instead, as specified in section 40420, the District directors hold appointive offices and no other District officers are elected.  Moreover, the Act "does not provide for action by ordinance" but rather provides for action being taken through the adoption of rules and regulations (§§ 40440, 40500 et seq.).  Accordingly, the legislation authorizing initiatives in special districts is inapplicable by its terms to the District.  (See *People ex rel. Younger* v. *County of El Dorado* (1991) 5 Cal.3d 480, 502-503.)

Furthermore, any initiative ordinance proposed by the electorate of a local agency must be of a nature which the legislative body of the local agency itself could adopt.  (See, e.g., *Blotter* v. *Farrell* (1954) 42 Cal.2d 804, 810;  *Galvin* v. *Board of Supervisors* (1925) 195 Cal. 686, 691; *Brown* v. *City of Berkeley* (1976) 57 Cal.App.3d 223, 231.)  Here, we have a state law enacted by the Legislature, and "`[t]he power . . . to change a law of the state is . . . vested exclusively in the legislature . . . .'"  (*Kugler* v. *Yocum* (1968) 69 Cal.2d 371, 375.)  Hence, the board of directors of the District may not alter or amend section 40420 requiring that its members hold appointive offices.  *A fortiori*, the District's electorate also is prohibited from altering or amending section 40420 by way of an initiative.  Only the *statewide* electorate could do so through the statewide initiative process.

We thus conclude that the voters of the District may not by an initiative measure change the District's board of directors from an appointive board to an elective board.

* * * * *